UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-397-MOC-1

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| vs. | ) |
| | ) **ORDER** |
| DAMIEN DEMETRIUS EVANS, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 33). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc. The Government opposes Defendant's motion. (Doc. No. 36). The Court will deny Defendant's motion.

### I. Background

In October of 2020, after a dangerous police chase that began when Defendant refused to stop for a blue light, police found Defendant, a convicted felon, in possession of a loaded Glock pistol with an extended magazine. (Doc. No. 25 ¶¶ 7–8). Police found a cell phone on which they found multiple photos of Defendant with firearms. (Id. ¶ 10). Six weeks later, when Defendant was arrested after his federal indictment, police found in his home a rifle with a 30-round magazine, a Ruger pistol, a cell phone with more photos of Defendant with firearms, more than 1,200 grams of marijuana, a digital scale, and empty plastic bags. (Id. ¶¶ 12–14).

When Defendant committed these offenses, he had previously been convicted of felony conspiracy to commit robbery with a dangerous weapon and felony larceny of a firearm. (Id. ¶ 33). Defendant was sentenced to between 25 and 42 months in prison. (Id.).

A federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1). Defendant pleaded guilty to the firearm

1

offense. (Doc. No. 20).

This Court's probation office submitted a presentence report and calculated a total offense level 25, which included a two-offense-level increase because Defendant possessed between three and seven firearms and a four-offense-level increase because he possessed a firearm in connection with another felony offense — marijuana trafficking. (Doc. No. 25 ¶¶ 21–23, 30). Defendant's criminal history garnered two criminal-history points related to his prior convictions. (Id. ¶ 34). The probation office also assessed Defendant two criminal-history points because he committed his offense while he was on probation. (Id. ¶ 35). The probation office concluded that the Sentencing Guidelines advised a sentence of between 70 and 87 months in prison based on a total offense level of 25 and a criminal-history category of III. (Id. ¶ 61).

At sentencing, this Court sustained Defendant's objection to both offense-level increases described above. (Doc. No. 30 at 1). The Court found that the Sentencing Guidelines advised a sentence of between 37 and 46 months in prison, based on a total offense level of 19 and a criminal-history category of III. (Id.). The Court sentenced Defendant to an upward variance term of 52 months in prison. (Doc. No. 29 at 2). The Court explained that the serious nature of Defendant's offense conduct warranted a six-month upward variance. (Doc. No. 30 at 3).

In March of 2023, Defendant was cited in prison for possessing a hazardous tool. (Doc. No. 34 at 2). He has completed three details as an orderly. (Id.). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.[1]

**II.      Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The

---

[1] Defendant's scheduled release date is September 18, 2024.

Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less

3

than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.     Analysis**

Defendant received two criminal history points because he committed his offense while he was on probation. Under Amendment 821, he would not receive those criminal history points because he received fewer than seven criminal history points related to his prior convictions. Without those two criminal history points, Defendant's criminal history category would be reduced from category III to category II. See U.S.S.G. ch. 5, part A. And his guideline range, based on a total offense level of 19 and a criminal history category of II, would be reduced to 33 to 41 months in prison. (Doc. No. 34 at 2). Defendant is eligible therefore for a sentence reduction to 33 months in prison, though a reduction producing a comparable upward-variance sentence would be a reduction to 47 months in prison. (Id.).

The Court will, in its discretion, deny Defendant's motion. Although Defendant has committed only one disciplinary infraction while in the Bureau of Prisons and has completed work details as an orderly, he has not completed any educational programming in the approximately two years he has been in the Bureau of Prisons. Additionally, the nature of Defendant's offense conduct, including evidence of drug trafficking, and a criminal history that included a conspiracy to commit armed robbery, weigh against a sentence reduction. Considering the sentencing factors described in 18 U.S.C. § 3553(a), especially Defendant's history and characteristics, the need to protect the public, and the need for deterrence, Defendant's 52-month sentence remains sufficient but not greater than necessary to accomplish those sentencing objectives. For these reasons, the Court denies Defendant's motion.

4

Case 3:20-cr-00397-MOC-DCK   Document 37   Filed 02/21/24   Page 4 of 5

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence pursuant to USSC Amendment 821 (Doc. No. 33) is **DENIED**.

Signed: February 21, 2024

Max O. Cogburn Jr
United States District Judge